UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(OCALA DIVISION)

CASE NO.:

ANNETTE CRAIG, individually; TAOFEEK
IBRAHIM, individually; and, ANNETTE
GASKINS, individually,

    Plaintiffs,

v.

INTERNATIONAL JUNIOR GOLF ACADEMY, INC.,
a foreign corporation; and, ANDREW SUMMERS,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiffs, ANNETTE CRAIG ("CRAIG"), individually; TAOFEEK IBRAHIM ("IBRAHIM"), individually; and, ANNETTE GASKINS ("GASKINS"), individually, (collectively, the "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint against Defendants, INTERNATIONAL JUNIOR GOLF ACADEMY, INC. ("IJGA"), a foreign corporation; and, ANDREW SUMMERS ("SUMMERS"), individually, (collectively, the "Defendants"), and as grounds therefore state as follows:

### INTRODUCTION

1. This is an action to recover unpaid straight and overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter the "FLSA") as it is alleged that Defendants systematically, routinely, and purposely failed to pay overtime wages.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. At all times pertinent to this Complaint, IJGA was an enterprise engaged in interstate commerce (see below). At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Each of the Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

4. Each of the Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida, including through its Howey-in-the-Hills, Florida location.

## VENUE

5. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed, in part, in the Middle District of Florida; and

   b. Defendants are, and continue to be, a corporation and an individual doing business within this judicial district.

## PARTIES

6. At all times material hereto, Plaintiff, CRAIG, was and continues to be a resident of Duval County, Florida and was and is an "employee" of Defendants within the meaning of the FLSA and Florida law. Specifically, she provided chaperone services for boarding/golf academy students.

7. At all times material hereto, Plaintiff, IBRAHAHIM, was and continues to be a resident of Riverside County, California and was and an "employee" of Defendants within the meaning of the FLSA and Florida law. Specifically, he provided chaperone services for boarding/golf academy students.

8. At all times material hereto, Plaintiff, GASKINS, was and continues to be a resident of Pinellas County, Florida and was an "employee" of Defendants within the meaning of the FLSA and Florida law. Specifically, she provided chaperone services for boarding/golf academy students.

9. At all times material hereto, each of Defendants, IJGA and SUMMERS, were an "employer" of Plaintiffs within the meaning of the FLSA. SUMMERS owns, operates, and controls IJGA and is an owner and corporate officer of the company.

10. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in conformance with the FLSA.

11. At all times material hereto, IJGA was and continues to be an enterprise engaged in interstate commerce within the meaning of the FLSA. More specifically, IJGA's subject business, by and through its officers and at least two employees (including Plaintiffs): 1) solicits and is retained by families from across the country and around the world to have their children study and learn golf at academies in South Carolina and Florida); 2) utilized and utilizes golf equipment, supplies, and such other instrumentalities of commerce that have been acquired, moved in, and produced via interstate means; 3) contracted and contracts with out of state companies on a regular basis; and, 4) generated and generates gross volume sales or business of at least $500,00.00 per annum.

12. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants and relied upon and was involved with interstate goods and services as described above.

13. At all times material hereto, SUMMERS supervised the work of Plaintiffs, and/or was involved in the day to day operations of IJGA.

14. At all times material hereto, SUMMERS was directly involved in the decision-making processes that affected employee compensation and/or hours worked by Plaintiffs.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. Defendants are engaged in the business of owning and operating boarding schools/golf academies for students serious about golf. At all times relevant, Plaintiffs worked as student chaperones and were responsible for monitoring, supervising, transporting, entertaining, and otherwise catering to the students on a daily basis.

17. CRAIG worked for Defendants from around October 15, 2018 until around April 6, 2019 and her rate of pay was $16.83 per hour. IBRAHIM worked for Defendants from around March 1, 2015 until around January 5, 2019 and his rate of pay was $13.46 per hour. GASKINS worked for Defendants from around November 3, 2018 until around February 25, 2019 and it is believed that her rate of pay was approximately $14.42 per hour.

18. Plaintiffs were also required to live in the same facility as the students and, thus, received a form of room and board as part of their compensation. The value of the room and board is to be determined and developed through discovery; however, the above hourly rates do not include that room and board figure.

19. At all times relevant, Plaintiffs' weekly schedule was rigorous and always included hours in excess forty (40) per week. From Monday through Friday, they would normally wake up at 5:30AM and would be busy getting the kids off to school until around 9:00AM. While there was a reprieve from responsibilities during the day, from 4:00PM and on, Plaintiffs were again active managing the students' lives and were then on-call and accessible to the student all night.

20. On weekends, Plaintiffs would have active days taking the students to golf tournaments, to eat, for haircuts, to the mall, etc.; and, for the entire weekend, they were on-call to the students for the entire twenty-four (24) hour per-day period.

21. During the entirety of Plaintiffs' tenure, Defendants purposely and willfully did not compensate them in straight pay for all hours worked and never paid overtime wages for the hours worked in excess of forty (40) per week in contravention of the FLSA (for the purposes of overtime pay, Plaintiffs should have been paid time and a half using the above rates of pay plus the hourly value of room and board). The exact amounts owed will need to be explored and developed through the discovery process.

22. Plaintiffs have retained the undersigned to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FLSA; UNPAID WAGES)
## AS TO ALL DEFENDANTS

Plaintiffs reallege Paragraphs 1 through 22 of this Complaint as if fully stated herein.

23. Since Plaintiffs' dates of hire with Defendants, Plaintiffs worked straight time and additional hours in excess of forty (40) hours per week for which they were not properly compensated.

24.	Plaintiffs were entitled to be paid straight time, and at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

25.	Defendants failed to pay Plaintiffs straight, and overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided for in the FLSA.

26.	Records, if any, concerning the number of hours worked by Plaintiffs, and the actual compensation paid to Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend the Complaint to set forth an exact amount of FLSA damages or will otherwise amend such other pleadings to specify the amounts owed.

27.	Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to properly compensate Plaintiffs. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

28.	As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

29.	Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages in the form of straight time, unpaid overtime wages, plus an equal amount as liquidated damages.

30.	Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants declaring that Defendants have violated the maximum hour provisions of 29

U.S.C. § 207; awarding Plaintiffs straight and overtime compensation in the amount calculated; awarding Plaintiffs liquidated damages in the amount calculated; awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Plaintiffs post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demands a trial by jury as to all issues triable as of right by jury.

DATED this 19th day of December, 2019.

                              Respectfully submitted,

                              **SALPETER GITKIN, LLP**

By:  */s/ James P. Gitkin*
     James P. Gitkin, Esq.
     Fla. Bar. No.: 570001
     *jim@salpetergitkin.com*
     3864 Sheridan Street
     Hollywood, Florida 33301
     Telephone: (954) 467-8622
     Facsimile: (954) 467-8623
     ***Attorneys for Plaintiffs***