UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANNETTE CRAIG, individually,
TAOFEEK IBRAHIM, individually; and
ANNETTE GASKINS, individually,

    Plaintiffs,

CASE NO.: 5:19-CV-00639-JSM-PRL

vs.

INTERNATIONAL JUNIOR GOLF
ACADEMY, INC. a foreign corporation;
and ANDREWS SUMMERS, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiffs, **ANNETTE CRAIG ("Craig") and ANNETTE GASKINS ("Gaskins"),** appearing *pro se*, along with Defendants **INTERNATIONAL JUNIOR GOLF ACADEMY, INC. ("IJGA") and ANDREW SUMMERS ("Summers")** (collectively referred to as "the Parties"), by and through their undersigned attorneys, hereby file this Joint Motion to Approve FLSA Settlement ("Joint Motion").  The parties jointly request that this Court approve the terms of their negotiated settlement of the above-captioned matter:

    1.    Plaintiffs filed a Complaint against Defendants on or about December 19, 2019, alleging unpaid overtime in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* [Doc.1]. Specifically, the Complaint alleges that Defendants "failed to pay Plaintiffs straight and overtime compensation for hours worked by Plaintiff in excess of the maximum hours provide for in the FLSA."  *See* [Doc. 1, ¶25]. Defendants deny these allegations. Defendants assert Plaintiff Craig was properly classified as an exempt employee and Plaintiff Gaskins was a properly classified independent contractor.

2. The Parties agree that the instant adversarial action involves *bona fide* disputed factual and legal issues, including: (i) whether Plaintiff Craig was properly classified as an exempt employee; (ii) whether Plaintiff Gaskins was properly classified as an independent contractor; (iii) the number of unpaid hours, if any, worked by Plaintiffs; and (iv) whether Plaintiffs are entitled to recover liquidated damages.

3. Plaintiffs were initially represented by counsel but decided to proceed with the case *pro se*. The Parties engaged in settlement discussions in writing. After negotiations amongst the Parties, a settlement was reached and the terms of settlement reflect a reasonable "give-and-take" on the major issues in dispute.

4. The Parties agree that the negotiated terms of settlement reflect a reasonable compromise of all disputed issues, and that the negotiated settlement is in the Parties' best interests. The weekly overtime hours asserted by Plaintiffs in their court-ordered interrogatory responses were used for the settlement calculations. A true and correct copy of the Parties settlement agreements with respect to the Plaintiffs' claims is attached hereto as "**Exhibits A and B**."

5. Pursuant to the case law regarding settlement of claims arising under the FLSA, an employee may settle and release FLSA claims brought against an employer in a private lawsuit if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

6. Counsel for the Defendants and Plaintiffs state that the settlement is not the product of fraud or collusion and the records before the Court contain no evidence or suggestion of same.

7. The Parties agree that the negotiated terms of settlement reflect a fair and reasonable compromise of all disputed issues, including FLSA coverage and computation of overtime wages, and that the negotiated settlement is in the Parties' best interests.

WHEREFORE, based on the foregoing, the Parties jointly and respectfully request that this Court inspect the settlement agreement, approve the settlement between the Parties and dismiss this case with prejudice.

Respectfully submitted this 7th day of May, 2020.

| **Plaintiffs** | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ** |
|---|---|
| By: /s/ *Annette Craig* <br> ANNETTE CRAIG, *pro se* <br> 8114 Donegal Lane <br> Jacksonville, FL 32244 | By: /s/ *Dena H. Sokolow* <br> DENA H. SOKOLOW <br> Florida Bar No.: 0030856 <br> Email: dsokolow@bakerdonelson.com <br> Secondary: lterry@bakerdonelson.com |
| By: /s/ *Annette Gaskins* <br> ANNETTE GASKINS, *pro se* <br> 10215 Palermo Circle, #104 <br> Tampa, FL 33619 | 101 North Monroe Street, Suite 925 <br> Tallahassee, Florida 32301 <br> Telephone: (850) 425-7500 <br> Facsimile: (850) 270-6723 |
|  | **Counsel for Defendants International Junior Golf Academy and Andrew Summers** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2020, I electronically filed the foregoing **JOINT MOTION TO APPROVE FLSA SETTLEMENT** with the Clerk of Court by using the CM/ECF system. A copy will be served via E-Mail upon Plaintiff Annette Craig, 8114 Donegal Lane, Jacksonville, FL 32244 (annettecraig@icloud.com) and Plaintiff Annette Gaskins, 10215 Palermo Circle, #104, Tampa, FL 33619 (annettegaskins@yahoo.com).

/s/ *Dena H. Sokolow*
Attorney

4830-4814-9942v1
2939811-000004 05/06/2020