# EXHIBIT B

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is made and entered into by and between Plaintiff Annette Gaskins ("Plaintiff") and Defendants International Junior Golf Academy, Inc. ("IJGA") and Andrew Summers, ("Defendants" which term shall include IJGA's parent, subsidiary and affiliated companies including all officers, directors, agents, representatives, attorneys, fiduciaries, insurers, administrators, stockholders, partners, and/or employees, in both their individual and official capacities) (collectively "the Parties").

**WHEREAS,** Plaintiff Annette Gaskins filed a lawsuit against Defendants currently pending in the United States District Court, Middle District of Florida, entitled *Annette Craig, Taofeek Ibrahim and Annette Gaskins v. International Junior Golf Academy, Inc. and Andrew Summers*, Case No. 5:19-cv-00639-JSM-PRL (the "Lawsuit");

**WHEREAS,** in the Lawsuit, Plaintiff Gaskins alleges unpaid straight time and overtime in violation of the Fair Labor Standards Act (29 U.S.C. Section 201 et seq., hereinafter "FLSA"). Plaintiff Gaskins sought unpaid straight and overtime wages, liquidated damages, post-judgment interest, and reasonable attorneys' fees and costs;

**WHEREAS**, Defendants deny the allegations in the Lawsuit and further deny that Gaskins was an employee under the FLSA;

**WHEREAS,** Defendants also deny they have committed any wrongdoing or violated any state or federal law pertaining to the payment of wages;

**WHEREAS**, the Parties agree there are *bona fide* disputes between them with respect to (a) the legal entitlement to the amounts claimed in the Lawsuit; and (b) the facts that are the basis for the allegations made in the Lawsuit;

**WHEREAS**, the Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement believe that the settlement as provided in this Agreement is in their best interests and Plaintiff's counsel specifically and separately agrees that the settlement as set forth in this Agreement is in the best interest of Plaintiff Gaskins and is a fair, reasonable, and adequate resolution of the Lawsuit;

**WHEREAS**, the Parties engaged in arms-length negotiation through their respective counsel and reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them; and,

**WHEREAS**, the Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth in Section 2 of this Agreement and to seek an entry of final dismissal, dismissing with prejudice the Plaintiffs' claims as set forth herein.

**NOW THEREFORE,** in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid

Initialed by Gaskins

unnecessary litigation, the Parties agree to terminate past, present, and potential controversies between the Parties to the extent stated in greater detail below, and the Parties covenant and agree as follows:

1.    **NON-ADMISSION AND OTHER RELATED MATTERS:**

a.    The Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Parties. The Parties agree that this Agreement represents a fair and reasonable settlement of this bona fide dispute as to the facts and the law that apply to this matter. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Parties further acknowledge and agree that this Agreement, the settlement, and any part of the negotiations shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.

b.    The above "Whereas" clauses and representations are true and correct and are incorporated herein.

c.    The Agreement is a specific release and contains provisions of confidentiality and non-disparagement which are material terms of the Agreement.

2.    **APPROVAL OF SETTLEMENT:**

a.    **Approval of Settlement**.  All terms of this Agreement are contingent upon the approval of the Court, and this Agreement is entered into voluntarily by the Parties for settlement purposes only. Notwithstanding the above, the Parties intend for the terms and provisions of this Agreement to be binding upon the Parties subject to the approval of the Court.

b.    **Settlement Approval Procedure**. This Agreement will become final and effective upon occurrence of all of the following events:

1.    Execution of this Agreement by Plaintiff Gaskins, representative of Defendant IJGA, and Defendant Andrew Summers;

2.    Joint submission to the Court of a Joint Motion for Approval of Settlement; and

3.    Entry of an Order by the Court approving this settlement.

c.    **Effect of Non-Approval**. In the event that any of the conditions specified in Section 2(b) of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit and the Parties do not waive, and instead expressly reserve their respective and all rights with respect to the prosecution and defense of the Lawsuit as if the Agreement never existed. If voided, the Parties further agree to extend any necessary deadlines in the Lawsuit, or where necessary, request the Court to do so.

2 of 6

Initialed by Gaskins

3.    **SETTLEMENT AND CONSIDERATION:**

a.   In full and complete settlement of the Lawsuit, Defendants agree to pay Plaintiff Gaskins the total sum of SEVEN THOUSAND THREE HUNDRED TWO DOLLARS ($7,302.00) (the "Settlement Amount"), payable as follows:

i.   As payment for back wages: a check for Three Thousand Six Hundred and Fifty-One Dollars ($3,651.00), subject to local, state and federal taxes and withholdings. This amount will be reported on a Form W-2 issued to Gaskins.

ii.   As non-wage consideration: a check in the gross amount for Three Thousand Six Hundred and Fifty-One Dollars ($3,651.00).  No withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Gaskins.

b.   The Settlement Amount shall be paid no later than fifteen (15) business days following the Court's Order of Approval of this Agreement. The Settlement checks shall be sent to Plaintiff via FedEx with signed confirmation of receipt. Plaintiff Gaskins and Defendants agree that the Parties agree to bear their own costs, attorneys' fees and expenses with respect to Plaintiff's allegations and claims released herein and waive any statute, rule of court, provision or legal proposition which might otherwise be relied upon to obtain costs, fees, and/or expenses in connection with Plaintiff's allegations and claims released herein. It is understood that neither party is or shall be construed to be the prevailing party with respect to the Lawsuit or the resolution thereof.

c.   It is expressly understood by Plaintiff Gaskins that the obligations of Defendants contained in Paragraph 3(a) of this Agreement shall be in lieu of any and all amounts to which Plaintiff or any attorneys acting on her behalf are now, or may become, entitled to, based upon any claim whatsoever arising out of Gaskins's employment or contractual relationship with any of the Defendants or otherwise (including special, general or exemplary damages, attorneys' fees, interest, expenses, and costs actually incurred).

4.    **DISMISSAL WITH PREJUDICE:**  Upon the execution of this Agreement and Court approval of the Parties' settlement, Plaintiff agrees that if the Court has not already dismissed the case, The Parties will file a Joint Stipulated Order of Dismissal with Prejudice with all parties to bear their own fees and costs no later than five (5) business days from Plaintiff's receipt of the Settlement Amount.

5.    **RELEASE:** In exchange for the considerations recited in Section 3 of this Agreement, Plaintiff Gaskins does hereby and forever release, acquit, and discharge Defendants (including Defendants' attorneys and past, present, and future divisions, affiliates, predecessor, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies) from any and all claims, causes of action, demands, debts, obligations, damages, or liability of any nature whatsoever, known or unknown, that were alleged, could have been alleged, may be based in whole or in part upon, do or may arise out of, or are or may be related to or in any way connected with wages paid to Plaintiff Gaskins during her employment with Defendants and up to the execution of this Agreement. Plaintiff Gaskins

3 of 6

Initialed by Gaskins

specifically releases Defendants from all known and unknown wage and compensation claims arising under local, state or federal law.  All such claims, if any and including any and all claims for attorneys' fees, costs, expenses and the like, are hereby compromised, settled, and extinguished in their entirety.

Plaintiff Gaskins understands that she is releasing the Defendants from claims that she may not know about as of the date of the execution of this Agreement, and that is her knowing and voluntary intent even though she recognizes that someday she might learn that some or all of the facts she currently believes to be true are untrue and even though she might then regret having signed this Agreement. Nevertheless, Gaskins is expressly assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case.  Plaintiff Gaskins expressly waives all rights she might have under any law that is intended to protect him from waiving unknown claims, and she understands the significance of doing so.

6.      **MISCELLANEOUS:**

a.  <u>Scope of Agreement</u>. This Agreement shall accrue to the benefit of and be binding upon the Parties hereto, their respective employee(s), successor(s), agent(s), attorney(s), accountant(s), and all other permitted assign(s).

b.  <u>Applicable Law</u>. This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Florida, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, or, in the event the choice of Florida law is deemed inapplicable, in accordance with U.S. federal law. The application of the laws of the State of Florida, or U.S. federal law if Florida law is deemed inapplicable, shall exclude in all cases any choice of law or conflict of law rules or provisions (whether of the State of Florida or any other jurisdiction) that may direct or would cause the application of the laws of any other state, country or jurisdiction.

c.  <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding concerning the subject matter hereof between the Parties hereto, superseding and replacing all prior negotiations, understandings, representations and agreements, written or oral. No modification, amendment, waiver, termination or discharge of this Agreement, or any of the terms or provisions hereof, shall be binding upon either of the Parties unless confirmed by a written instrument signed by both Parties and approved by the Court. No waiver by any party of any term or provision of this Agreement or of any default hereunder shall affect such party's rights thereafter to enforce such term or provision or to exercise any right or remedy in the event of any other default, whether or not similar.

d.  <u>Further Cooperation</u>: The Parties and their respective counsel shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all things reasonably necessary or convenient to consummate the Agreement and settlement as expeditiously as possible.

e.  <u>Construction</u>.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. Plaintiffs and the Defendants participated in the negotiation and drafting of this Agreement and had available to them the

4 of 6

Initialed by Gaskins

advice and assistance of independent counsel.  As such, neither the Plaintiffs nor the Defendants may claim that any ambiguity in this Agreement should be construed against the other.

      f.  <u>Savings Provision</u>.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement.

      g.  <u>Remedies for Breach</u>.  Plaintiff Gaskins agrees that the Defendants will be irreparably harmed by any actual or threatened violation of this Agreement, and that the Defendants will be entitled to an injunction prohibiting either or both Plaintiffs from committing any such violation.  Plaintiff Gaskins hereby waives any requirement for the posting of a bond by any of the Defendants in connection with any injunctive relief it may seek as set forth herein.  In addition, if a court finds that Plaintiff Gaskins breached any provisions of this Agreement, that she will be required to pay the reasonable attorneys' fees and costs the Defendants incurred in bringing the action to enforce this Agreement.

      h.  <u>Acknowledgement of Knowing and Voluntary Waiver</u>. The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. The Parties hereto represent and acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the Parties or by any of the Parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

**PLAINTIFF GASKINS FURTHER ACKNOWLEDGES THAT SHE HAS READ AND FULLY UNDERSTANDS THE MEANING AND INTENT OF ALL OF THE PROVISIONS AND TERMS OF THIS AGREEMENT, INCLUDING THE FINAL BINDING EFFECT OF THEIR RESPECTIVE WAIVERS OF RIGHTS UNDER THIS AGREEMENT AND THAT SHE HAS ENTERED INTO THE AGREEMENT KNOWINGLY, VOLUNTARILY, WITHOUT COERCION, DURESS OR OVERREACHING OF ANY SORT.**

      i.  <u>Multiple Originals</u>. The Parties agree that this Agreement shall be executed in multiple original counterparts, each having the same force and effect as if all Parties executed a single instrument. This Agreement will only be effective upon the execution of the Agreement by Plaintiffs and the Defendants and upon Court approval of the Parties' settlement.

      j.  <u>Continuing Jurisdiction</u>: The United States District Court for the Middle District of Florida shall retain continuing jurisdiction and its ability to hear and adjudicate the issues of law and facts asserted in the Lawsuit until a final order of dismissal is signed by this Court.

5 of 6

Initialed by Gaskins

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates hereinafter appearing.

**PLAINTIFF:**                                          **DEFENDANTS:**

DocuSigned by:

_____
C5DC0153206749E...

**ANNETTE GASKINS**                                    **ANDREW SUMMERS**
                                                       Title: CEO
                                                       On Behalf of Himself and as Representative of
                                                       International Junior Golf Academy, Inc.

Dated: _5/7/2020 | 3:07 PM CDT_

                                                       Dated: _____

Initialed by Gaskins

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates hereinafter appearing.

**PLAINTIFF:**                                              **DEFENDANTS:**

_____

**ANNETTE GASKINS**                              **ANDREW SUMMERS**
                                                 Title: CEO
                                                 On Behalf of Himself and as Representative of
Dated: _____                           International Junior Golf Academy, Inc.

                                                 Dated: 5/7/2020 | 5:21 PM CDT

6 of 6

_____
Initialed by Gaskins